UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ANDRE K. DAVIS,

        Petitioner,                          Case No. 2:19-cv-142

v.                                          Honorable Janet T. Neff

CONNIE HORTON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    **Background**

Petitioner Andre K. Davis is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Following a trial in the Kalamazoo County Circuit Court, a jury convicted Petitioner of the following offenses: armed robbery, in violation of Mich. Comp. Laws § 750.529; breaking and entering of an occupied dwelling, in violation of Mich. Comp. Laws § 750.110; assault with intent to commit great bodily harm less than murder, in violation of Mich. Comp. Laws § 750.84; and unlawful driving away of an automobile, in violation of Mich. Comp. Laws § 750.413. On February 5, 1996, the trial court sentenced Petitioner to life in prison for the armed robbery conviction, 40 to 60 years for the breaking and entering conviction, life in prison for the assault conviction, and 40 to 60 years for the unlawful driving away of an automobile conviction.

Petitioner appealed the judgment of conviction to the Michigan Court of Appeals, which affirmed the judgment on June 13, 1997. *People v. Davis*, No. 193484 (Mich. Ct. App. June 13, 1997). He did not appeal that decision to the Michigan Supreme Court.

Petitioner apparently attempted to file a motion for relief from judgment in state court in July 2014, along with a motion for appointment of counsel. Unfortunately, the state court did not recognize the motion for relief from judgment. Instead, the court deemed his motion to be "supporting documentation attached to [his] Petition to Appoint Counsel." (*See* 7/27/2016 Order Denying Def.'s Mot. to Amend J., ECF No. 1-1, PageID.30.) In January 2015, the state court sent Petitioner a letter expressly informing him that his motion for relief from judgment was not accepted for filing. (Attach. to Pet., ECF No. 1-1, PageID.120 (quoting the letter).)

Over a year later, Petitioner followed up with another motion for relief from judgment. (*See* 7/27/2016 Order Denying Def.'s Mot. to Amend J., ECF No. 1-1, PageID.30 (referring to Petitioner's 2016 motion for relief from judgment).) Apparently, the state court denied that motion on the merits in June 2016 (*see id.*) and he appealed that decision. The Michigan Court of Appeals denied leave to appeal on April 25, 2017. *See People v. Davis*, No. 336014 (Mich. Ct. App. Apr. 25, 2017). He did not appeal that decision to the Michigan Supreme Court.

While those proceedings were ongoing, Petitioner attempted to get the state court to recognize his first motion for relief from judgment by amending the court's docket. The state court denied that request in July 2016. (*See* Order Denying Def.'s Mot. to Amend J., ECF No. 1-1, PageID.30.)

It appears that Petitioner subsequently attempted to obtain other relief in state court, based on "newly discovered evidence" that the state court removed reference to his 2014 motion for relief from judgment from its docket sheet. (*See* Pet., ECF No. 1, PageID.2.) The state court denied that relief, and in February 2017, he appealed that decision to the Michigan Court of Appeals. *See* Appellate Docket Sheet for *People v. Kirk*, Case No. 337201 (Mich. Ct. App.), available at https://courts.michigan.gov/. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal on May 26, 2017, and July 3, 2018, respectively. *Id.*

Petitioner filed his habeas corpus petition in July 2019. The body of the petition asserts claims regarding the state court's handling of his 2014 motion for relief from judgment. For instance, Petitioner claims that the state court deprived him of due process and equal protection by not recognizing his motion for relief from judgment. (*See* Pet., ECF No. 1, PageID.9.) Those

3

sort of claims are not cognizable in this action. The Constitution does not guarantee any right to collaterally attack a criminal conviction in the state courts. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide this [post-conviction] avenue of relief."); *accord United States v. MacCollom*, 426 U.S. 317, 323 (1976) (plurality opinion).

Moreover, errors in Petitioner's post-conviction proceedings have no bearing on the legality of the Petitioner's confinement. *See Kirby v. Dutton*, 794 F.2d 245, 245-46 (6th Cir. 1986); *accord Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1989). A finding by this Court that the state court wrongly denied Petitioner post-conviction review would not entitle him to release. *Id.* at 246. It would only mean that the state's post-conviction process was defective. An action under 28 U.S.C. § 2254 is not the place to correct those defects, as the habeas statute is only concerned about whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is not concerned with issues unrelated to the validity of his custody.

On the other hand, it appears that Petitioner seeks *habeas* relief based on the claims asserted in his motion for relief from judgment. (*See* Pet., ECF No. 1, PageID.15 (asking the Court to "grant habeas relief from claims in motion [for relief from judgment] and order release from detention").)

Petitioner asserted the following claims in his motion for relief from judgment:

1. [PETITIONER'S] DUE PROCESS RIGHT TO A FAIR TRIAL, AND TO AN IMPARTIAL JURY WERE COMPROMISED BY THE SEATING OF A JUROR THAT DATED AND BOLSTERED THE CREDIBILITY OF THE ACCOMPLICE AND CRITICAL PROSECUTION WITNESS CHARLES HANNAH.

2. IN A MATTER OF "FIRST IMPRESSION" [PETITIONER'S] SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES WAS

>   VIOLATED WHEN THE JURY PANEL HEARD A PROSPECTIVE JUROR MAKE STATEMENTS BOLSTERING A KEY PROSECUTION WITNESS' CREDIBILITY.
>
> 3.   [PETITIONER] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL I[N] THE CONDUCT OF PLEA NEGOTIATIONS WHERE ASSIGNED COUNSEL FAILED TO RELAY A FAVORABLE PLEA OFFER RESULTING IN A SEVERE TRIAL PENALTY:
>
>   A. The Sixth Amendment Right to Effective Assistance of Counsel Ensures the fairness of all Criminal Prosecutions, Including Plea Negotiations.
>
>   B. The Sixth Amendment Right to Effective Assistance of Counsel ensures Fairness of all Critical Stages of a Criminal Prosecution, Including Plea Negotiations[,] Not just the Fairness of Trial.
>
>   C. In A Matter of 'First Impression'. "As a General Rule Defense Counsel has the Duty to Communicate Formal Offers from the Prosecution to Accept a Plea on Terms and Conditions that may be favorable to the Accused." *Frye*, *infra*.
>
>   D. Newly Discovered Evidence Reveals the Exist[e]nce of a Plea Offer with Terms and Conditions Favorable to [Petitioner].
>
> 4.   [Petitioner] was unconstitutionally prejudiced by ineffective assistance of appellate counsel.

(Pet., ECF No. 1, PageID.6; ECF No. 1-1, PageID.39, 47, 53.)

The claims raised in Petitioner's motion for relief from judgment are the proper sort of claims for a petition under § 2254. As explained in the next section, however, these claims are barred by the statute of limitations.

## II.   Statute of Limitations

Petitioner's application for habeas relief is subject to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

5

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's claims potentially trigger one of two different start dates for running the statute of limitations. The first date is the "date on which the judgment became final" in § 2244(d)(1)(A), and the second date is the "date on which the factual predicate of the claim[s] presented could have been discovered through the exercise of due diligence" in § 2244(d)(1)(D). I will analyze both possible dates. Using either date, Petitioner's claims are untimely.

### A. Date on which the judgment became final

In most cases, § 2244(d)(1)(A) provides the date from which the one-year limitations period is measured. Under that provision, the period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Some of Petitioner's claims (including issues 1 and 2 in the motion for relief from judgment, and issue 4 to the extent it is based on issues 1 and 2) are subject to this date. Petitioner does not allege an impediment to filing a petition created by state

6

action. *See* 28 U.S.C. § 2244(d)(1)(B). Nor does he allege a right "newly recognized" by the Supreme Court and "made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2244(d)(1)(C). Moreover, issues 1 and 2 would have been apparent before the conclusion of his direct appeal; thus, they are not based on factual predicates that could have been discovered only after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, by process of elimination, § 2244(d)(1)(A) is the relevant date for issues 1 and 2 in the motion for relief from judgment, and for issue 4 to the extent it is based on issues 1 and 2.

Applying § 2244(d)(1)(A) to these issues, the claims are untimely. Petitioner's judgment of conviction became final on September 8, 1997. Petitioner appealed that judgment to the Michigan Court of Appeals. That court affirmed the judgment on July 13, 1997. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, Petitioner had 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct.

7

R. 7.305(C)(2).  The deadline for filing an application for leave to appeal was Monday, September 8, 1997.[1]  Accordingly, Petitioner's judgment became final on that date.

Under § 2244(d)(1)(A), Petitioner had one year from September 8, 1997, to file his habeas application.  Petitioner filed on July 3, 2019.  Obviously, he filed more than one year after the period of limitations in § 2244(d)(1)(A) began to run.  Thus, absent tolling, his claims are time barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner attempted to file a motion for relief from judgment in state court in July 2014.  That motion did not toll the statute of limitations, however, for two reasons.

First, the motion was not "properly filed" as a motion for collateral review. "Properly filed" means that the document's "delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz*, 531 U.S. at 8.  Here, the state court interpreted Petitioner's motion as an attachment to his motion to appoint counsel; it did not recognize it as a separate motion for relief from judgment.  Petitioner makes a number of arguments as to why the state court's actions were improper, but this Court is not in a position to second guess the state court's application of its own filing rules and procedures.  *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)

---

[1] The 56-day period ended on a Sunday, so the deadline for filing an appeal was the following Monday.  *See* Mich. Ct. R. 1.108.

8

("This court . . . does not function as an additional state appellate court reviewing state-court decisions on state law or procedure."); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("[F]ederal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law.").

Second, the one-year deadline in § 2244(d)(1)(A) had already passed when Petitioner filed his motion in 2014. The tolling statute does not toll a limitations period that has already run its course. In other words, the statute does not restart a clock that has already wound down; it can only pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Because the deadline had already passed, the tolling statute does not apply.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Indeed, the claims in issues 1 and 2 concern issues

9

that occurred at Petitioner's trial and would have been apparent to him when they occurred; however, Petitioner offers no explanation for the extraordinary 20-year delay in bringing these claims to this Court. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant equitable tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, where § 2244(d)(1)(A) provides the relevant start date, Petitioner is not entitled to equitable tolling of the statute of limitations.

### B. Date on which the factual predicate of the claims could have been discovered

Petitioner raises at least one claim that might warrant reliance on the date in § 2244(d)(1)(D), which is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In issue 3 of the motion for relief from judgment, Petitioner asserts that he first learned in 2013 that the prosecutor might have conveyed a plea offer to Petitioner's trial attorney before trial. (Attach. to Pet., ECF No. 1-1, PageID.76.) In issue 4, Petitioner argues that his appellate counsel should have discovered the plea offer and raised this issue on appeal or at least informed Petitioner about the offer. (*Id.*, PageID.71.) Petitioner was able to confirm the existence of this plea offer through a letter from his trial attorney in December 2013, and in court records that he obtained in January 2014. (*Id.*, PageID.76-77.) Petitioner contends that he did not know of this offer before trial, and that if his attorney had conveyed it to him, he would have accepted

10

the plea rather than going to trial. (*Id.*, PageID.77.) Petitioner claims that he was deprived of the effective assistance of counsel because counsel should have conveyed the offer to him.

Assuming that the date Petitioner confirmed existence of the plea offer (January 2014) is the "date on which the factual predicate" of Petitioner's claim "could have been discovered through the exercise of due diligence," the one-year deadline for asserting this claim would have been January 2015, before accounting for tolling. However, Petitioner does not qualify for tolling that would render his petition timely.

As indicated above, the tolling provision in § 2244(d)(2) does not help Petitioner because he did not properly file a motion for relief from judgment before the statute of limitations expired. The state court did not accept his original motion for relief from judgment as such. It interpreted it as an attachment to his motion to appoint counsel.

Petitioner could plausibly argue that he qualifies for *equitable* tolling during the period that he believed he had filed a proper motion for relief from judgment. However, that argument would only take him so far. It would not buy him enough time to account for all the unexplained delays in asserting his rights. According to his petition and its attachments, he learned in January 2015 that the state court did not accept his motion for relief from judgment for filing. He could have re-filed his motion for relief from judgment soon thereafter. He did not do so. Instead, he waited more than a year before re-filing his motion in 2016. He offers no explanation for that delay.

In addition, Petitioner has not accounted for the two-year delay between the resolution of his renewed motion for relief from judgment by the state appellate court in 2017 and the filing of his petition in this Court. Instead of turning to this Court for habeas relief after the Michigan Court of Appeals denied leave to appeal, Petitioner apparently attempted to find other

11

ways of seeking relief in state court. And even after the Michigan Supreme Court closed the door on his last attempt in July 2018, he waited a year before filing his petition with this Court.

In short, Petitioner has not shown diligence in pursuing his rights or that extraordinary circumstances stood in his way of filing a timely petition. If anything, his many unsuccessful attempts at obtaining relief in state court from 2014 to 2018 indicate that nothing stood in his way of seeking relief in this Court. And although those attempts indicate that he made *some* effort to pursue his rights, the lengthy and unexplained delays between his various motions in state court, and between those proceedings and this one, suggest that he was not reasonably diligent in his pursuit. Accordingly, he is not entitled to equitable tolling.

Finally, Petitioner is not entitled to the actual-innocence exception to the statute of limitations. In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, Petitioner does not claim he is actually innocent. Moreover, he offers no new evidence of his innocence, much less evidence that makes it more likely than not

that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Therefore, his habeas petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.   Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

On the present record, I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Date:   August 5, 2019                                  /s/ *Maarten Vermaat*
                                                                  MAARTEN VERMAAT
                                                                  U.S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).