UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE K. DAVIS,

    Petitioner,

v.

CONNIE HORTON,

    Respondent.
_____/

Case No. 2:19-cv-142

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition under 28 U.S.C. § 2254.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on August 5, 2019, recommending that this Court deny the petition as barred by the one-year statute of limitations. Following the close of the objection period without timely objections, the Court adopted the Report and Recommendation and issued Judgment in favor of Respondent on August 29, 2019. Petitioner's objections were subsequently received on September 3, 2019. Petitioner also filed three additional motions: (1) a motion under Rule 35, (2) a motion for filing instanter, and (3) a motion to alter or amend judgment. This matter is presently before the Court to determine the timeliness of Petitioner's objections and to address Petitioner's additional motions. The Court issues this opinion and order resolving all pending objections and motions, and will also issue a Judgment in

---

[1] Petitioner filed his habeas petition on a standard form for a petition under 28 U.S.C. § 2241; however, the Report and Recommendation addresses this as a petition under 28 U.S.C. § 2254. State prisoners seeking post-conviction relief from a federal court are subject to the requirements that apply to § 2254 applications, regardless of whether they label their petition as one under § 2254 or § 2241. *See* 28 U.S.C. § 2254(a); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).

this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Court first addresses the issue of timeliness. Petitioner's Objections were signed August 23, 2019, which was the final day of the objection period (ECF No. 5 at PageID.145). However, Petitioner's Objections were not received by the Court until September 3, 2019. Petitioner contends that he attempted to timely deliver his objections to the Prison Counselor on August 23, 2019, but the prison authorities refused to accept the legal mail (ECF No. 11 at PageID.197-199). Petitioner provides a sworn declaration from another prisoner in support of his contention (ECF No. 11-1 at PageID.203). Petitioner's documents are deemed filed at the moment of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266, 274-76 (1988). Giving Petitioner the benefit of the doubt that he attempted timely filing of his objections with prison authorities, this Court will vacate the Order and Judgment (ECF Nos. 3 and 4) and will consider the merits of Petitioner's objections to the Report and Recommendation.

**Petitioner's Objections**

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections.

Petitioner objects to the Magistrate Judge's conclusion that state law errors are not cognizable in federal habeas corpus actions and argues that the Magistrate Judge erred by finding that Petitioner's July 2014 state court Motion for Relief was not "properly filed" (ECF No. 5 at PageID.140-143). Petitioner misunderstands the law. The Magistrate Judge properly concluded that this Court may not consider issues of state procedural law under the purview of a habeas petition:

> Petitioner makes a number of arguments as to why the state court's actions were improper, but this Court is not in a position to second guess the state court's application of its own filing rules and procedures. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("This court . . . does not function as an additional state appellate court reviewing state-court decisions on state law or procedure."); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("[F]ederal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law.").

(ECF No. 2 at PageID.129-130). This Court must defer to the state court's judgment on the issue of a proper state court filing; therefore, this objection is denied.

### Motion for Order Under Rule 35

Along with Petitioner's objections, Petitioner filed a Motion for Order under Rule 35 (ECF No. 6). Petitioner seeks a medical examination to support that he suffered from cognitive impairments due to brain cancer/treatment, which would explain time lapses in pursuing post-conviction appellate relief (*id*. at PageID.154). Petitioner asserts such evidence would aid in establishing his entitlement to equitable tolling (*id*. at 155). However, even if an examination would establish Petitioner's brain cancer created an extraordinary circumstance, Petitioner fails to show that he otherwise qualifies for equitable tolling given the nature of his claims and the extraordinary delays in bringing his claims to this Court (*see* ECF No. 2 at PageID.130-131). "If anything, his many unsuccessful attempts at obtaining relief in state court from 2014 to 2018 indicate that nothing stood in his way of seeking relief in this Court" (ECF No. 2 at PageID.133). Plaintiff's motion for a medical examination or interpretation of medical issues is denied.

### Motion for Filing Instanter and Motion to Alter Judgment

Petitioner filed motions to have his objections "filed Instanter" and have the Judgment set aside based on the timely submission of Petitioner's objections (ECF No. 7 at PageID.164; ECF No. 9 at PageID.183). This Court has decided to vacate the judgment and consider Petitioner's objections on the merits based on their timeliness; therefore, Petitioner's Motion for Order Filing Instanter (ECF No. 7) and Motion to Alter Judgment (ECF No. 9) are denied as moot.

**Certificate of Appealability**

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Upon review, in accordance with the Magistrate Judge's recommendation, this Court finds that reasonable jurists could not find it debatable whether Petitioner's application was timely. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Order Approving and Adopting the Report and Recommendation (ECF No. 3) and the Judgment (ECF No. 4) are VACATED in order to consider the merits of Petitioner's Objections to the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Objections (ECF No. 5) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 2) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under Rule 35 (ECF No. 6) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Motion to File Instanter (ECF No. 7) is DENIED as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Alter or Amend Judgment (ECF No. 9) is DENIED as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated:  April 14, 2020                                /s/ Janet T. Neff
                                                                  JANET T. NEFF
                                                                  United States District Judge